FILED'08 JUL 22 12:47USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MAHAR HAWASH,

        Petitioner,        Civil No. 08-685-CL

        v.        REPORT AND
                RECOMMENDATION

J.E. THOMAS,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 but did not submit the requisite filing fee or file an application to proceed in forma pauperis. Nevertheless, petitioner is allowed in forma pauperis status. However, for the reasons set forth below,

1 - REPORT AND RECOMMENDATION

the petition should be denied without prejudice and this proceeding should be dismissed.

Petitioner seeks to enjoin FCI Sheridan from "ordering the inmate population to get rid of ... Norelco-Beard-Trimmers." Petition (#1) p. 3. Petitioner contends that "their (sic) is a very real health and safety issue that threatens the inmate population by not having your own beard trimmer." because "the spread of Hepatitis C and the spread of M.A.R.S.A. is running rampant in this institution. Id.[1] Petitioner alleges exhaustion of administrative remedies would be "futile." Id.

Federal prisoners are required to exhaust all available administrative remedies prior to bringing a petition for writ of habeas corpus. Terrell v. Brewer, 935 F.2d 1015 (9th Cir. 1991); Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1986); see also, Fendler v. United States Parole Com'n, 774 F.2d 975, 979 (9th Cir. 1985); Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990).

Requiring a petitioner to exhaust his administrative

---

[1] Petitioner's Petition is one of 11 substantially identical 28 U.S.C. § 2241 petitions filed by FCI Sheridan inmates challenging the institution's policy concerning electric beard trimmers.

2 - REPORT AND RECOMMENDATION

remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum." <u>Ruviwat v. Smith</u>, 701 F.2d 844, 845 (9th Cir. 1983). Use of available administrative remedies conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level." <u>Id.</u> Moreover, it allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." <u>Id.</u>

Although, in the past courts allowed actions to proceed despite a litigant's failure to exhaust administrative remedies, <u>see</u>, <u>United Farmworkers v. Arizona</u>, 669 F.2d 1249, 1253 (9th Cir. 1982), the "futility exception" was superceded by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), which unequivocally mandates exhaustion of administrative remedies. <u>Porter v. Nussle</u>, 532 U.S. 731 (2001); <u>Booth v. Churner</u>, 532 U.S. 731 (2001); <u>Nyhuis v. Reno</u>, 204 F.3d 65 (3rd Cir. 2000).

The Bureau of Prisons has established an administrative remedy procedure which through an inmate may seek formal review of any complaint regarding any aspect of his imprisonment. <u>See</u>, 28 C.F.R. § 542 et seq.

Petitioner has not exhausted available administrative

3 - REPORT AND RECOMMENDATION

remedies in this case. For all the sound policy reasons set forth in <u>Ruviwat</u> and the requirements of the PLRA, he should be required to do so.

Petitioner's Petition (#1) should be denied without prejudice to re-file after petitioner has exhausted administrative remedies with respect to his claim. This proceeding should be dismissed.[2]

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a

---

[2] This recommendation is consistent with Judge Hogan's Order of Dismissal without prejudice (#4) in <u>Long v. Thomas</u>, Civ. No. 08-645-CL (entered June 6, 2008), and Judge Panner's Order (#11) entered July 8, 2008, in <u>Pierce v. Thomas</u>, Civ. No. 08-641-CL (adopting Report and Recommendation (#4) entered June 6, 2008).

4 - REPORT AND RECOMMENDATION

waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 2²  day of July, 2008.

Mark D. Clarke
United States Magistrate Judge

5 - REPORT AND RECOMMENDATION